**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number (*If known*): _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Boxed, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Seven Oaks Acquisition Corp. |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 5 – 3 3 1 6 1 8 8 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>61 / Broadway<br>Number / Street<br><br>30th Floor<br><br>New York / NY / 10006<br>City / State / ZIP Code<br><br>New York<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>Number / Street<br><br>_____<br>P.O. Box<br><br>_____<br>City / State / ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number / Street<br><br>_____<br>City / State / ZIP Code |
| 5. | **Debtor's website (URL)** | https://www.boxed.com/ | |

Debtor  Boxed, Inc.
_____
Name

Case number *(if known)*_____

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ☒ None of the above

    B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    4  5  4  1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ☐ Chapter 7

    ☐ Chapter 9

    ☒ Chapter 11. *Check **all** that apply*:

      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

      ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

      ☐ A plan is being filed with this petition.

      ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

      ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

Debtor __Boxed, Inc._____     Case number *(if known)*_____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.  District _____ When _____ Case number _____
                                                                           MM / DD / YYYY
           District _____ When _____ Case number _____
                                                                              MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.  Debtor __See Annex 1_____  Relationship _____
             District __Delaware_____  When _____
                                                                            MM / DD / YYYY
             Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        **Why does the property need immediate attention?** (*Check all that apply.*)

        ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
           What is the hazard? _____

        ☐ It needs to be physically secured or protected from the weather.

        ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ☐ Other _____

        **Where is the property?** _____
                                 Number      Street

                               _____
                             _____ _____ _____
                             City                                         State ZIP Code

        **Is the property insured?**
        ☐ No
        ☐ Yes. Insurance agency _____
                  Contact name _____
                  Phone _____

---

**Statistical and administrative information**

Debtor   Boxed, Inc.
         Name

Case number (*if known*)_____

13. **Debtor's estimation of available funds**

   *Check one:*

   ☒ Funds will be available for distribution to unsecured creditors.

   ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

   ☐ 1-49
   ☐ 50-99
   ☐ 100-199
   ☐ 200-999
   ☐ 1,000-5,000
   ☐ 5,001-10,000
   ☐ 10,001-25,000
   ☒ 25,001-50,000
   ☐ 50,001-100,000
   ☐ More than 100,000

15. **Estimated assets**

   ☐ $0-$50,000
   ☐ $50,001-$100,000
   ☐ $100,001-$500,000
   ☐ $500,001-$1 million
   ☐ $1,000,001-$10 million
   ☐ $10,000,001-$50 million
   ☐ $50,000,001-$100 million
   ☒ $100,000,001-$500 million
   ☐ $500,000,001-$1 billion
   ☐ $1,000,000,001-$10 billion
   ☐ $10,000,000,001-$50 billion
   ☐ More than $50 billion

16. **Estimated liabilities**

   ☐ $0-$50,000
   ☐ $50,001-$100,000
   ☐ $100,001-$500,000
   ☐ $500,001-$1 million
   ☐ $1,000,001-$10 million
   ☐ $10,000,001-$50 million
   ☐ $50,000,001-$100 million
   ☒ $100,000,001-$500 million
   ☐ $500,000,001-$1 billion
   ☐ $1,000,000,001-$10 billion
   ☐ $10,000,000,001-$50 billion
   ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

   I have been authorized to file this petition on behalf of the debtor.

   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on  04/02/2023
                MM / DD / YYYY

   X _____      Chieh Huang_____
   Signature of authorized representative of debtor      Printed name

   Title  CEO_____

Debtor  Boxed, Inc.
        Name

Case number (*if known*)_____

18. **Signature of attorney**

✘ /s/ M. Blake Cleary
Signature of attorney for debtor

Date  04/02/2023
      MM  / DD  / YYYY

M. Blake Cleary
Printed name

Potter Anderson & Corroon LLP
Firm name

1313      N. Market Street, 6th Floor
Number    Street

Wilmington                              DE        19801
City                                    State     ZIP Code

(302) 984-6000                          bcleary@potteranderson.com
Contact phone                           Email address

3614                                    DE
Bar number                              State

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page **5**

**Annex 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Boxed, Inc.

- Boxed, Inc.
- Boxed, LLC
- Ashbrook Commerce Solutions LLC
- Jubilant LLC
- BOXED MAX LLC

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-39817       .

2. The following financial data is the latest available information and refers to the debtor's condition on  12/31/2022      .

   a. Total assets                                                      $ 102,562,996.76

   b. Total debts (including debts listed in 2.c., below)               $ 190,370,234.03

   c. Debt securities held by more than 500 holders

   |   |   | Approximate number of holders: |
   |---|---|---|
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | | N/A |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | | N/A |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | | N/A |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | | N/A |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | | N/A |

   d. Number of shares of preferred stock                                N/A
   e. Number of shares common stock                                      68,855,809

   Comments, if any: _____

3. Brief description of debtor's business: _____
   E-commerce retailer and software provider.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   Hamilton Lane Inc. and the Vanguard Group.

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**BOXED, INC.**

The undersigned, being all of the directors (each a "**Director**" and collectively, the "**Board**") of Boxed, Inc., a Delaware corporation (the "**Company**"), acting by written consent without a meeting pursuant to Section 141(f) of the Delaware General Corporation Law, do hereby consent to the adoption of the following resolutions to be effective as of the date of the last signature below and direct that this consent be filed with the minutes of the proceedings of the Board:

**CHAPTER 11 FILING**

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the group of companies of which the Company is a part (the "**Group**"), including the historical performance of the Company and the Group, the assets of the Company and the Group, the current and long-term liabilities of the Company and the Group, and the online retail and technology industries and credit market conditions, and has considered various alternatives in respect of these matters;

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the Restructuring Committee of the Board (the "**Restructuring Committee**"), including the Restructuring Committee's recommendation to enter into and consummate the Transaction (as defined below), and the recommendations of and materials presented by the senior management of the Company and the Company's legal, financial, and other advisors as to the financial condition of the Company and the Group, and the relative risks and benefits of pursuing a case under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Company has been negotiating with its lenders related to the Company's outstanding debt, including that certain Forbearance Agreement, dated as of March 1, 2023 and that certain Credit Agreement, dated as of August 4, 2021, as amended by the First Amendment to the Credit Agreement, dated as of January 20, 2023.

**NOW, THEREFORE, BE IT RESOLVED**, that upon the review of the recommendation of the Restructuring Committee, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors as a whole, and other parties in interest, that the Company file a voluntary petition for relief (the "**Petition**") and commence a case (the "**Chapter 11 Case**") under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), including any first day motions, applications or documentation seeking such relief on an expedited basis related to and to be filed in connection with the Chapter 11 Case;

**RESOLVED FURTHER**, that Chieh Huang, the Chief Executive Officer of Boxed, Inc., Jung Choi, the General Counsel and Secretary of Boxed, Inc., and Mark Zimowski, the Chief Financial Officer of Boxed, Inc., (each an "**Authorized Signatory**") be, and each of them individually hereby is, on behalf of and in the name of the Company authorized, directed and empowered (i) to execute, verify and deliver the Petition commencing the Chapter 11 Case as well as all other ancillary documents to be filed or otherwise executed in connection with the Petition, and to cause the Company's counsel, Freshfields Bruckhaus Deringer US LLP and Potter Anderson & Corroon LLP, to file the Petition with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents; and (ii) to execute, verify, and file or cause to be filed all of the petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and

**RESOLVED FURTHER**, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories, be, and hereby is, on behalf of and in the name of the Company, authorized to execute, acknowledge, deliver, and verify any and all motions, applications, papers, and documents (i) to administer the Company's Chapter 11 Case in such form or forms as such Authorized Signatory may deem necessary or desirable and to effectuate these resolutions; and (ii) to engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers, or experts as such Authorized Signatory deems necessary or desirable to accomplish the purposes of the resolutions.

SALE OF THE SPRESSO BUSINESS

**WHEREAS**, in connection with the Chapter 11 Case, the Board has determined that it is desirable and in the best interests of the Company, its creditors as a whole, and other parties in interest to sell and transfer substantially all of the assets of its Spresso business to certain of its lenders pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code (the "**Transaction**");

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the Restructuring Committee and the recommendations of, and materials presented by, the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the proposed Transaction; and

**WHEREAS**, the Board, upon the review of the recommendation of the Restructuring Committee, has determined that it is advisable and in the best interests of the Company, its creditors as a whole, and other parties in interest that the Company enter into and consummate the Transaction and enter into, deliver, and perform all of its obligations under the definitive documents thereto (collectively, the "**Transaction Documents**") and consummate the Transaction.

**NOW THEREFORE, BE IT RESOLVED**, that the Company's execution, delivery, and performance of its obligations under the Transaction Documents to which the Company or any of its subsidiaries is a party and the consummation of the Transaction are hereby approved and authorized in all respects; and

**RESOLVED FURTHER**, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories, be, and hereby is, on behalf of and in the name of the Company, authorized, directed and empowered to (i) execute and deliver any Transaction Documents to be executed and delivered by the Company or any designated subsidiary of the Company that are necessary or desirable in connection with the Transaction, in each case in such form and with such additions, deletions, amendments or other modifications thereto as may be deemed necessary, appropriate or advisable by the Authorized Signatory executing the same, such approval being conclusively evidenced by such execution and delivery; and (ii) request the Bankruptcy Court to approve any of the foregoing to the extent required in the Chapter 11 Case and for any related relief.

RESTRUCTURING COMMITTEE MEMBER COMPENSATION

**WHEREAS**, the Board established the Restructuring Committee to oversee, supervise and determine the terms for any purchase, offer or sale of some or all of the Company's assets, including any offers for the purchase or sale of some or all of the Company's assets to parties affiliated with the Company; to administer the Chapter 11 Case and/or other strategic alternatives and to oversee the Company's negotiations or actions with respect to any other agreements, negotiations or conduct in anticipation of the Chapter 11 Case, in each case to the extent permitted by law;

**WHEREAS**, in connection with the establishment of the Restructuring Committee, the Board

previously appointed Pamela Corrie, David Liu and Emerson S. Moore II as members of the Restructuring Committee;

**WHEREAS**, the Board previously reviewed and considered Ms. Corrie's service on the Restructuring Committee when approving her offer letter for her appointment to the Board; and

**WHEREAS**, upon the review of the recommendation of the Compensation Committee, the Board has reviewed and considered that Mr. Liu and Mr. Moore each be compensated $10,000 per month for their service as a member of the Restructuring Committee until dismissal or conversion of the Company's case under Chapter 11 of title 11 of the United States Code (collectively, the "Restructuring Committee Member Compensation Package").

**NOW THEREFORE, BE IT RESOLVED,** upon the review of the recommendation of the Compensation Committee, that the Restructuring Committee Member Compensation Package for each of Mr. Liu and Mr. Moore, on substantially the terms presented to the Board, is hereby approved in all respects; and

**RESOLVED FURTHER**, that the first payment made to Mr. Liu and Mr. Moore for their service on the Restructuring Committee is hereby ratified.

## RETENTION OF PROFESSIONALS

**NOW THEREFORE, BE IT RESOLVED**, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories, be, and hereby is, on behalf of and in the name of the Company, authorized and directed to employ any one or more individuals and firms, as counsel, professionals, consultants, or financial advisors to the Company, including without limitation, Freshfields Bruckhaus Deringer US LLP, Solomon Partners, L.P., FTI Consulting, Inc., Potter Anderson & Corroon LLP, and a claims and noticing agent, as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, each Authorized Signatory is hereby authorized and directed to pay appropriate retainers prior to the filing of the Petition and to cause to be filed appropriate applications for authority to retain the services of such firms, and that all such actions, filings and payments taken or made at any time in connection with the employment of such individuals and firms, contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as if specifically set out in these resolutions.

## OMNIBUS RESOLUTIONS

**NOW THEREFORE, BE IT RESOLVED**, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories, be, and hereby is, on behalf of and in the name of the Company, authorized, directed, and empowered from time to time in the name and on behalf of the Company to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such officer may deem necessary, advisable, or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and similar items, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company, (c) pay fees and expenses in connection with the transactions contemplated by these resolutions, and (d) request the Bankruptcy Court to approve any of the foregoing to the extent required in the Chapter 11 Case and for any related relief;

**RESOLVED FURTHER**, that all actions heretofore done by any officer of the Company, or by any employees or agents of the Company acting at the direction of any officer of the Company, on behalf of the Company, on or prior to the date hereof in connection with the transactions contemplated or implied by the foregoing resolutions be, and they hereby are, ratified, approved, and confirmed and adopted as the acts and deeds of the Company in all respects; and

**RESOLVED FURTHER**, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories, be, and hereby is, on behalf of and in the name of the Company, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary and appropriate in the opinion of such Authorized Signatory, a true copy of the foregoing resolutions.

(*Signature Pages Follow*)

IN WITNESS WHEREOF, the undersigned members of the Board have duly executed this Unanimous Written Consent, to be effective as of the date the last signature is received by the Company. This Unanimous Written Consent may be signed in two or more counterparts, each of which shall be deemed an original, and all of which shall be deemed one instrument.

| Signature | Date |
|---|---|
| *Pamela Corrie* <br> Pamela Corrie | 4/2/2023 |
| *Chieh Huang* <br> Chieh Huang | 4/2/2023 |
| *Gary S. Matthews* <br> Gary S. Matthews | 4/2/2023 |
| *[signature]* <br> David Liu | 4/2/2023 |
| *[signature]* <br> Emerson S. Moore II | 4/2/2023 |
| *Andrew C. Pearson* <br> Andrew C. Pearson | 4/2/2023 |
| *Harshul Sanghi* <br> Harshul Sanghi | 4/2/2023 |
| *Eileen Serra* <br> Eileen Serra | 4/2/2023 |

[*Signature Page to the Unanimous Written Consent of the Board*]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boxed, Inc., *et al.*,[1] | Case No. 23-[_____] ([___]) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Boxed, Inc. and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1. A list of Debtor Boxed, Inc.'s equity interest holders owning more than 5%, their addresses, and the nature of their equity interests is attached hereto as **Exhibit 1**.[2] No publicly traded corporation owns more than 10% of Boxed, Inc.'s equity interests.

2. Debtor Boxed, LLC is 100% owned by Debtor Boxed, Inc. No non-Debtor publicly traded corporation owns more than 10% of Boxed, LLC.

3. Debtor Jubilant LLC is 100% owned by Debtor Boxed, LLC. No publicly traded corporation owns more than 10% of Jubilant LLC.

4. Debtor Ashbrook Commerce Solutions LLC is 100% owned by Debtor Boxed,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Boxed, Inc. (6188), Boxed, LLC (8041); Jubilant LLC (2107); Ashbrook Commerce Solutions LLC (4046) and BOXED MAX LLC (5987). The Debtors' service address is 61 Broadway, Floor 30, New York, NY 10006.

[2] The Debtors reserve the right to supplement or amend this within fourteen days of the date hereof pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

LLC. No publicly traded corporation owns more than 10% of Ashbrook Commerce Solutions LLC.

     5.     Debtor BOXED MAX LLC is 100% owned by Debtor Boxed, LLC. No publicly traded corporation owns more than 10% of BOXED MAX LLC.

# **Exhibit 1**

| Name & Address | Number of Shares of Common Stock |
|---|---|
| Hamilton Lane Incorporated<br>110 Washington St. Suite 1300, Conshohocken, PA 19438 | 3,736,804.75<br>(5.427%) |
| The Vanguard Group, Inc.<br>100 Vanguard Boulevard, Malvern, PA 19355 | 3,524,728.86<br>(5.119%) |

| Fill in this information to Identify the case: | | |
|---|---|---|
| Debtor Name: | Boxed, Inc., *et al.* | |
| United States Bankruptcy Court for the: | District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BRACEBRIDGE CAPITAL<br>888 BOYLSTON STREET, SUITE 1500<br>BOSTON, MA  02199 | CONTACT: SILVESTRE FONTES<br>PHONE: 617-349-2000<br>SILVESTRE.FONTES@BRACEBRIDGECAPITAL.COM | DEBT CLAIM | | | | $32,398,008.56 |
| 2 | BRIGADE CAPITAL MANAGEMENT, LP<br>399 PARK AVENUE, 16TH FLOOR<br>NEW YORK, NY  10022 | CONTACT: AARON DANIELS<br>PHONE: 212-745-9700<br>INFO@BRIGADECAPITAL.COM | DEBT CLAIM | | | | $21,899,009.82 |
| 3 | AVANDA INVESTMENT MANAGEMENT PTE. LTD.<br>23 CHURCH STREET 09-06<br>CAPITAL SQUARE,  049481<br>SINGAPORE | CONTACT: NG KOK SONG<br>PHONE: 65-680-58888 | DEBT CLAIM | | | | $10,949,504.91 |
| 4 | WHITEBOX ADVISORS LLC<br>3033 EXCELSIOR BLVD., SUITE 500<br>MINNEAPOLIS, MN  55416 | CONTACT: COUNSEL<br>PHONE: 612-253-6001<br>INVRELATIONS@WHITEBOXADVISORS.COM | DEBT CLAIM | | | | $10,949,504.91 |
| 5 | SONA CREDIT MASTER FUND LIMITED<br>C/O MAPLES CORPORATE SERVICE<br>UGLAND HOUSE, KY1  1104<br>CAYMAN ISLANDS | CONTACT: COUNSEL<br>OPERATIONS@SONAAM.COM;  SLAL@SONAAM.COM | DEBT CLAIM | | | | $8,759,603.93 |
| 6 | ONEX CAPITAL SOLUTIONS HOLDINGS, LP<br>930 SYLVAN AVENUE, SUITE 105<br>ENGLEWOOD CLIFFS, NJ  07632 | CONTACT: ANDREA DALY<br>PHONE: 201-541-2121<br>LEGAL@ONEX.COM | DEBT CLAIM | | | | $5,474,752.46 |

Debtor: Boxed, Inc.  Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | SILICON VALLEY BANK ATTN: SVB CARD SERVICES 3003 TASMAN DRIVE SANTA CLARA, CA 95054 | CONTACT: JESSE BARDO PHONE: 408-654-7400 JBARDO@SVB.COM | TRADE CLAIM | | | | $5,016,199.00 |
| 8 | BREX, INC. 50 W. BROADWAY, STE. 333, 15548, SALT LAKE CITY, UT 84101 | CONTACT: HENRIQUE DUBUGRAS PHONE: 650-250-6428 HENRIQUE@BREX.COM | TRADE CLAIM | | | | $4,992,987.04 |
| 9 | ANTARA CAPITAL TOTAL RETURN SPAC MASTER FUND LP 500 FIFTH AVENUE NEW YORK, NY 10110 | CONTACT: HIMANSHU GULATI PHONE: 646-762-8580 HGULATI@ANTARACAPITAL.COM | DEBT CLAIM | | | | $3,284,851.47 |
| 10 | AMERICAN EXPRESS AMERICAN EXPRESS COMPANY, CORPORATE SERVICES OPERATIONS AESC-P 20022 NORTH 31ST AVE, MAIL CODE AZ-08-03-11 PHOENIX, AZ 85027<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. 200 VESEY STREET NEW YORK, NY 10285 ATTN: GENERAL COUNSEL'S OFFICE | CONTACT: MANOJ ADLAKHA PHONE: 212-640-2000 ADLAKHA.MANOJ@AEXP.COM | TRADE CLAIM | | | | $2,058,683.32 |
| 11 | LATHAM & WATKINS LLP 555 WEST 5TH STREET SUITE 300 LOS ANGELES, CA 90013 | CONTACT: AUSTIN OZAWA PHONE: 212-906-4515 AUSTIN.OZAWA@LW.COM; ; CASHRECE@LW.COM | TRADE CLAIM | | | | $1,790,025.84 |
| 12 | KELLOGGS KELLOGG SALES COMPANY 25714 NETWORK PLACE CHICAGO, IL 60673-1257 | CONTACT: RODOLFO CHARCO BERDEJA CUSTOMER.FINANCIALSERVICES@KELLOGG.COM; PV-BUYERS@BOXED.COM;BOXEDDOCUMENTS@KELLOGG.COM; RODOLFO.CHARCOBERDEJA@KELLOGG.COM | TRADE CLAIM | | | | $1,762,237.30 |
| 13 | SPACE SUMMIT CAPITAL LLC 15455 ALBRIGHT ST. PACIFIC PALISADES, CA 90272 | CONTACT: COUNSEL PHONE: 310-699-0444 | DEBT CLAIM | | | | $1,313,940.59 |
| 14 | GARFIELD V. BOXED, INC. DELAWARE CHANCERY COURT, C.A. NO. 2022-0132-MTZ C/O SMITH KATZENSTEIN & JENKINS LLP 1000 N. WEST STREET, SUITE 1501 WILMINGTON, DE 19801 | CONTACT: DAVID JENKINS PHONE: 302-652-8400 DJENKINS@SKJLAW.COM; NBELGAM@SKJLAW.COM; SPURCELL@PJLFIRM.COM; RL@PJLFIRM.COM | LITIGATION CLAIM | | | | $850,000.00 |
| 15 | FEDEX 942 SOUTH SHADY GROVE ROAD MEMPHIS, TN 38120 | CONTACT: ANGIE MARTIN PHONE: 901-818-7500 ANGIE.MARTIN@FEDEX.COM | TRADE CLAIM | | | | $788,586.36 |

Debtor: Boxed, Inc.   Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | PALANTIR TECHNOLOGIES<br>1555 BLAKE STREET<br>SUITE 250<br>DENVER, CO 80202 | CONTACT: RYAN TAYLOR<br>ACCOUNTSRECEIVABLE@PALANTIR.COM | TRADE CLAIM | | | | $671,686.45 |
| 17 | MCKINSEY & COMPANY, INC.<br>140 FOUNTAIN PARKWAY NORTH<br>SUITE 800<br>SAINT PETERSBURG, FL 33716 | CONTACT: PIERRE M. GENTIN<br>PHONE: 727-540-6408<br>US_AR@MCKINSEY.COM | TRADE CLAIM | | | | $555,032.00 |
| 18 | PROCTER & GAMBLE<br>1 PROCTER & GAMBLE PLAZA<br>CINCINNATI, OH 45202 | CONTACT: COUNSEL<br>ACUNA.SV@PG.COM;<br>DELGADO.D.1@PG.COM | TRADE CLAIM | | | | $432,955.50 |
| 19 | IHEARTMEDIA<br>5080 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693 | CONTACT: JORDAN FASBENDER<br>PHONE: 210-832-3312<br>CORPORATECASHMANAGEMENT@CLEARCHANNEL.COM | TRADE CLAIM | | | | $399,974.05 |
| 20 | PEPSICO<br>FRITO-LAY INC<br>75 REMITTANCE DRIVE<br>SUITE 1074<br>CHICAGO, IL 60675 | CONTACT: DEANNA TYLER<br>DEANNA.TYLER@PEPSICO.COM | TRADE CLAIM | | | | $393,645.64 |

**Fill in this information to identify the case and this filing:**

Debtor Name: Boxed, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   Combined Statement of Corp. Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/02/2023    x /s/ Chieh Huang
MM / DD / YYYY              Signature of individual signing on behalf of debtor

Chieh Huang
Printed name

CEO
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**