**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Boxed, Inc.,<br><br>     Debtor.<br><br>Tax I.D. No. 85-3316188 | Chapter 11<br><br>Case No. 23-10397 ([___]) |
| In re:<br><br>Boxed, LLC,<br><br>     Debtor.<br><br>Tax I.D. No. 87-2528041 | Chapter 11<br><br>Case No. 23-10398 ([___]) |
| In re:<br><br>Ashbrook Commerce Solutions LLC,<br><br>     Debtor.<br><br>Tax I.D. No. 86-1424046 | Chapter 11<br><br>Case No. 23-10399([___]) |
| In re:<br><br>Jubilant LLC,<br><br>     Debtor.<br><br>Tax I.D. No. 30-0832107 | Chapter 11<br><br>Case No. 23-10400 ([___]) |
| In re:<br><br>BOXED MAX LLC,<br><br>     Debtor.<br><br>Tax I.D. No. 87-3005987 | Chapter 11<br><br>Case No. 23-10401 ([___]) |

**DEBTORS' MOTION FOR**
**ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION**
**OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Boxed, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")

in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (this

"Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the

"Proposed Order") granting the relief described below.  In support hereof, the Debtors rely on the

*Declaration of Mark Zimowski, Chief Financial Officer of Boxed, Inc., in Support of Debtors'*

*Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed concurrently

herewith, and further represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has

jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware, dated February 29, 2012.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is

determined that this Court, absent consent of the parties, cannot enter final orders or judgments

consistent with Article III of the United States Constitution.

3.      Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408

and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1),

of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1015

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1

and 9013-1(m).

**RELIEF REQUESTED**

5.      The Debtors respectfully request entry of the Proposed Order (a) directing the joint

administration of these Chapter 11 Cases for procedural purposes only and (b) granting related

relief.

6.      In furtherance of the foregoing, the Debtors request that the official caption to be

used by all parties in all papers in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boxed, Inc., *et al.*,[1] | Case No. 23-10397 ([___]) |
| Debtors. | (Jointly Administered) |

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Boxed, Inc. (6188); Boxed, LLC (8041); Jubilant LLC (2107); Ashbrook Commerce Solutions LLC (4046); and BOXED MAX LLC (5987).  The Debtors' service address is 61 Broadway, Floor 30, New York, NY 10006.

7.      The Debtors further request that this Court order that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8.      The Debtors also request that the Court make the following separate docket entry

on the docket of each of the Debtors, other than Boxed, Inc., to reflect joint administration of these

Chapter 11 Cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Boxed, Inc., Case No. 23-10397 ([____]); Boxed, LLC, Case No. 23-10398 ([___]); Ashbrook Commerce Solutions LLC, 23-10399 ([___]); Jubilant LLC, Case No. 23-10400 ([___]); and BOXED MAX LLC, Case No. 23-10401 ([___]). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10397 ([__]).**

## BACKGROUND

9.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

10.      Each of the Debtors is authorized to operate its business and manage its operations as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

11.      The Debtors operate an e-commerce retail service that provides bulk pantry consumables to both business and household customers, as well as on-demand grocery delivery in select zip-codes in New York. To effectively provide this retail service, the Debtors developed a flexible end-to-end e-commerce software, which allow them to exercise full control over the customer experience, and enhance the customer's shopping experience through personalized recommendations, providing samples, and predicting the customer's individual needs. In addition to operating their own retail service, the Debtors further enable e-commerce through its Software & Services business ("Spresso"), by which they offer access to the technology to customers in need of an enterprise level e-commence platform. Spresso is a unique and advanced technological platform, making it desirable for other retailers, DTC manufacturers, marketplace operators, and other entities. Because of this, the Debtors have been able to market Spresso and develop an

4

additional revenue stream by offering licensing agreements for other entities to utilize either the full software package or individual components of the Debtors' highly desirable technology.

12.     Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in greater detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF

13.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

14.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

5

Del. Bankr. L.R. 1015-1.

15.     Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity.  The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the United States Trustee for the District of Delaware and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

16.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.  Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **NOTICE**

17.     Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of Delaware, Attn: Benjamin Hackman (Benjamin.A.Hackman@usdoj.gov); (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis; (f) Orrick, Herrington & Sutcliffe LLP and Klehr Harrison Harvey Branzburg LLP, counsel to the Prepetition First Lien Secured Lenders;

6

(g) Holland & Knight LLP, counsel to the Prepetition First Lien Agent; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **<u>CONCLUSION</u>**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order substantially in the form annexed hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

7

Dated: April 2, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ M. Blake Cleary*
M. Blake Cleary (No. 3614)
Jeremy W. Ryan (No. 4057)
Katelin A. Morales (No. 6683)
Elizabeth R. Schlecker (No. 6913)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  bcleary@potteranderson.com
         jryan@potteranderson.com
         kmorales@potteranderson.com
         eschlecker@potteranderson.com

- and -

Madlyn Gleich Primoff (*pro hac vice* pending)
Scott D. Talmadge (*pro hac vice* pending)
Alexander Adams Rich (*pro hac vice* pending)
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile:  (212) 277-4001
Email:  madlyn.primoff@freshfields.com
         scott.talmadge@freshfields.com
         alexander.rich@freshfields.com

*Proposed Counsel for Debtors and Debtors in Possession*

10686620v.3

## **EXHIBIT A**

### **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boxed, Inc., | Case No. 23-10397 ([___]) |
| Debtor. | |
| Tax I.D. No. 85-3316188 | |
| In re: | Chapter 11 |
| Boxed, LLC, | Case No. 23-10398 ([___]) |
| Debtor. | |
| Tax I.D. No. 87-2528041 | |
| In re: | Chapter 11 |
| Ashbrook Commerce Solutions LLC, | Case No. 23-10399([___]) |
| Debtor. | |
| Tax I.D. No. 86-1424046 | |
| In re: | Chapter 11 |
| Jubilant LLC, | Case No. 23-10400 ([___]) |
| Debtor. | |
| Tax I.D. No. 30-0832107 | |
| In re: | Chapter 11 |
| BOXED MAX LLC, | Case No. 23-10401 ([___]) |
| Debtor. | |
| Tax I.D. No. 87-3005987 | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF**
**RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for an order (this "<u>Order</u>") directing joint administration of these cases for procedural purposes only, and granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Each of the above-captioned Chapter 11 Cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-10397 ([___]).

3.      The caption of the jointly administered cases shall read as follows:

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

10686620v.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boxed, Inc., *et al.*,[1] | Case No. 23-10397 ([___]) |
| Debtors. | (Jointly Administered) |

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Boxed, Inc. (6188); Boxed, LLC (8041); Jubilant LLC (2107); Ashbrook Commerce Solutions LLC (4046); and BOXED MAX LLC (5987).  The Debtors' service address is 61 Broadway, Floor 30, New York, NY 10006.

4.      The foregoing caption shall satisfy the requirements set forth in the first sentence of section 342(c)(1) of the Bankruptcy Code.

5.      The Clerk of the Court shall make a docket entry in each Debtor's chapter 11 case (except that of Boxed, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:  Boxed, Inc., Case No. 23-10397 ([____]); Boxed, LLC, Case No. 23-10398 ([___]); Ashbrook Commerce Solutions LLC, Case No. 23-10399 ([___]); Jubilant LLC, Case No. 23-10400 ([___]); and BOXED MAX LLC, Case No. 23-10401 ([___]).   **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10397 ([__]).**

6.      The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

3

10686620v.3

7.      Any creditor filing a proof of claim against any of the Debtors or their respective estates shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

8.      Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

9.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10686620v.3