**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Boxed, Inc., *et al.*,[1] | ) Case No. 23-10397 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 497 |

**ORDER GRANTING FIRST OMNIBUS OBJECTION**
**(SUBSTANTIVE) TO CERTAIN CLAIMS**

Upon the objection (the "Objection") of RSR Consulting, LLC, solely in its capacity as the Post-Effective Date Estate Representative of Boxed, LLC, et al. ("RSR Consulting"), in connection with the above captioned debtors and debtors-in-possession (the "Debtors") seeking entry of an order reducing the Overstated Claims,[2] reclassifying certain Misclassified Claims and disallowing and expunging certain Satisfied Claims; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and RSR Consulting consenting to entry of a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Objection and opportunity for response having been given; and it appearing that no other notice need be given; and the Court having considered the Objection, the Claims listed on Exhibit A, Exhibit B and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Boxed, Inc. (6188), Boxed, LLC (8041); Jubilant LLC (2107); Ashbrook Commerce Solutions LLC (4046) and BOXED MAX LLC (5987). Boxed, Inc., Boxed, LLC, Jubilant LLC, Ashbrook Commerce Solutions LLC and BOXED MAX LLC's service address is Post Office Box 356, Massapequa, New York 11758.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

10789384.v2

Exhibit C annexed hereto, and any responses thereto; and upon the record herein; and after due deliberation and sufficient cause appearing therefore, it is FOUND AND DETERMINED that:

    A.   This Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

    B.   Each holder of a Claim listed on Exhibit A, Exhibit B and Exhibit C attached hereto was properly and timely served with a copy of the Objection, this Order, the accompanying exhibits, and the notice.

    C.   Any entity known to have an interest in the Disputed Claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection.

    D.   The Overstated Claims to be reduced on Exhibit A hereto reflects overstated claims.

    E.   Each of the Disputed Claims on Exhibit B hereto asserts an incorrect administrative, priority, or secured status to be reclassified.

    F.   Each of the Claims to be disallowed on Exhibit C hereto reflect claims that have been satisfied and neither the Debtors nor their estates are liable for based upon a review of the Debtors' Books and Records.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

    1.   The Objection is granted as set forth herein.

    2.   Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

    3.   The Disputed Claims listed as objectionable on Exhibit A hereto are modified to reflect the reduced amount as set forth on Exhibit A hereto.

    4.   Each of the Disputed Claims listed as objectionable claims on Exhibit B hereto are hereby reclassified to reflect the proper classification as set forth on Exhibit B hereto.

10789384.v2

5.	Each of the Disputed Claims listed as objectionable claims on <u>Exhibit C</u> hereto are hereby disallowed and expunged as satisfied based upon the Debtors' Books and Records.

6.	The official claims register in these cases shall be modified in accordance with this Order.

7.	The rights of RSR Consulting and Boxed Liquidation Trust (the "<u>Trust</u>") to amend, modify, or supplement the Objection, to file additional objections to the Claims or any other Claims (filed or not) which may be asserted against the Debtors, and to seek further reduction of any Claim to the extent such claim has been paid, are preserved.  Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the rights of RSR Consulting and the Trust to object on the other stated grounds or on any other grounds that RSR Consulting or the Trust may discover during these cases are further preserved.

8.	Each Claim and the objections by RSR Consulting to such Claim, as addressed in the Objection and set forth on <u>Exhibit A</u>, <u>Exhibit B</u> and <u>Exhibit C</u> hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each Claim.  Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

9.	Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  All time periods set forth in the Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. This Court shall retain jurisdiction over the Claimants whose Claims are subject to the Objection with respect to any matters related to or arising from the Objection and the implementation of this Order.

Dated: January 12th, 2024
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

10789384.v2